FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 02 2021 ★

LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_Jeanette K. Magnuson._

*(Write the full name of each plaintiff who is filing this
complaint.  If the names of all the plaintiffs cannot fit in
the space above, please write "see attached" in the space
and attach an additional page with the full list of names.)*

-against-

_Town of Southampton_

*(Write the full name of each defendant who is being sued.
If the names of all the defendants cannot fit in the space
above, please write "see attached" in the space and attach
an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **CV-21 3123**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes   ☐ No
*(check one)*

SEYBERT, J.

TOMLINSON, M.J.

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Janette K. Magnuson |
| Street Address | 55 East Shore Rd |
| City and County | Southampton, NY 11968 |
| State and Zip Code | |
| Telephone Number | 631 283-5499 |
| E-mail Address | |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Town of Southampton |
| Job or Title (if known) | |
| Street Address | Hampton Rd |
| City and County | Southampton, NY 11968 |
| State and Zip Code | |
| Telephone Number | 631 283-6000 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

(if known)

Defendant No. 3

Name    _____

Job or Title    _____

(if known)

Street Address City    _____

and County State    _____

and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

(if known)

Defendant No. 4

Name    _____

Job or Title    _____

(if known)

Street Address City    _____

and County State    _____

and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

(if known)

II.    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

3

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**   **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_42 USC 1983_

**B.**   **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

   a.      If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

   a.      If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

b.     If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under
the laws of the State of *(name)* _____, and has its
principal place of business in the State of *(name)*
_____. *Or* is incorporated under the laws of *(foreign
nation)* _____, and has its principal place of business
in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page
providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or
the amount at stake—is more than $75,000, not counting interest and costs of court,
because *(explain)*:

_____
_____
_____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as
possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State
how each defendant was involved and what each defendant did that caused the plaintiff harm or
violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more
than one claim is asserted, number each claim and write a short and plain statement of each claim in a
separate paragraph.  Attach additional pages if needed.

_____
_____See attached_____
_____
_____

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*I would like my property to be delineated on my deed. My property. Made whole. All money associated with court costs including lawyer fees, court costs, surveys, Engineers, etc. & Punitive damages.*

## V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: *June 2, 2021*

Signature of Plaintiff          *Jeanette K. Magnuson*

Printed Name of Plaintiff     *Jeanette K. Magnuson.*

Jeanette Magnuson
55 East Shore Road
Southampton, New York 11968

June 2, 2021

Hand Delivered June 2, 2021

FILED
IN CLERK'S OFFICE
U.S. DISTRICT C...
★   JUN 02 2021
LONG ISLAND OFFICE

United States District Court
Eastern District of New York
Long Island Court House
100 Federal Plaza
Central Islip, New York11722

To Whom It May Concern:

I need your help. I have contacted numerous attorneys to assist me in the preservation of my property as delineated on my deed, to no avail.

I went to the Eastern District of New York in Central Islip on May 26, 2021. The Clerk's office suggested that I contact the Per Se Office.  I have an appointment next week.  However, I believe I need to speak with an Assistant Attorney  General.

My husband and I purchased our home in 2002.   My husband passed away in 2014.  The neighboring lot of virgin land, on Little Peconic Bay, 57 East Shore Road, Southampton, was sold around  2011.  The new landowner, First Metro, John Trotta as member, requested numerous variances to build the size of house they wanted. The property is 58′ x 176′.

First Metro used two conflicting surveys to build their home.  First metro
shifted their property line onto my property by approximately one foot, thus
taking said property from me.(See Survey History in the items I included)

Southampton Town has a pyramid law that states:  a structure must fall
within the the building envelope.  I believe the house's underground utilities:
septic tank, waste water containment and their energy source, i.e propane
tank, could not fit within their building envelope.  After many public meetings,
in which many neighbors protested the size of the structure and issuance of
the variances,  the Town approved First Metro's plans.

I requested that nothing be built until the boundary dispute was resolved.
The Town issued an Adopted Resolution that uses the two conflicting
surveys regarding our contiguous boundary granting First Metro extra land
from my eastern boundary.  One survey was used for the elevation—
Henderson and Bodwell, 2011. (Which matches the Fox 2014 survey of my
property).  The other survey, Hemmer, 2012, was used to place the house
and underground utilities (does not match the Fox 2014 survey).  I have
contacted many attorneys for help without any success.  I need someone to
help me right this grievous confiscation of my land and give me back my
property as it is stated in my deed.

57 East Shore Road had a revetment placed on his property in 11/2019
encroaching on my property by about 2-3 feet.  My attorney sent First
Coastal, the contractor, and First Metro, the landowner, a letter to not to
encroach on my property or they will have to remove it.

I have a law suit before this Court against the Town of Southampton.  In
addition, I had to go to court to obtain an Article 78 injunction to be able to
repair my retaining wall, Magnuson v Shea.  The retaining wall was erected in
1954.

Enclosed are the following items:

1. Fox Land Surveying, 2014 survey of my property. This survey is part of the DEC permit and the NYS Supreme Court Article 78.

2. Henderson and Bodwell, Consulting Engineers, 2011, survey, 57 East Shore Road requested by the previous owner, which matches my survey and earlier surveys of my property from 1973.

3. F. Michael Hemmer, LB, PC, 57 East Shore Road, Survey 1/2015.

4. Survey History—by person/persons unknown to me. It popped up on a computer that I was using in the Rodgers Memorial Library, August, 2015.

5. Adopted Resolution, dated June 3, 2015.

6. Letter to Mr. Harry Ludlow, Chairperson, Conservation Board, 8/7/2015

7. Letter to Mr. Harry Ludlow, Chairperson, Conservation Board, 8/10/2015. Official Challenge/Grievance—Wetland Permit #CB1300098.

8. Letter to Ms. Kathleen Murray, Attorney, Town of Southampton, 8/24/2015.
   Injunction/stop work order of construction site at 57 East Shore Road, Southampton.

9. Five photos showing progression of the destruction of the retaining wall and the
   new wall erected in the wrong place.

Additional Documentation and photos will be provided upon your request.

I hope you can help me. It must be noted that I am fearful of repercussions and for my safety once the Town and First Metro become aware of this letter. You can reach me at h. 631 283-5499, ~~cell~~. Thank you.

Sincerely,

Jeanette Magnuson.



Survey for:

*PETER A. MAGNUSON &*
*JEANETTE K. MAGNUSON*

At
*North Sea*
Town of
*Southampton*
Suffolk County, New York

S.C.T.M.: 0900–028.00–01.00–005.000









LITTLE PECONIC BAY

WETLAND BOUNDARY

HIGH WATER LINE

S46°19'00"W  58.79

RETAINING WALL

CONCRETE STEPS

TAX LOT 5

TAX LOT

TAX LOT

PRIVATE ROAD (20')

EXISTING BUILDING

STAKE SET ON LINE

BOAT RACK

MAIL BOX

4X4 POST

VACANT LOT WOODED & OVERGROWN

EXISTING BUILDING

LOT AREA: 9,508 S.F. 0.218 ACRES

STAKE SET ON LINE

TREE LINE (TYP.)

AREA OF PROPOSED CLEARING 5,796 SQ.FT. OR 61%

N43°43'20"E 60.00

60'

SPIKE SET

CONCRETE APRON

EAST SHORE ROAD.
(60')  EDGE OF PAVEMENT

INLET
T.C. =12.69

BAY VIEW ROAD

LEGEND:

■  MONUMENT
■  CATCH BASIN
—10—  CONTOUR
▲  STAKE
➤  NAIL
◉  SPIKE

NOTE:
ELEVATION: N.A.V.D 1988 DATUM BENCH
MARK ROSE GROVE 2 RM 3

CERTIFIED TO:           TOWN OF SOUTHAMPTON
RON PAPE               ZONE R-15

SUFFOLK COUNTY TAX MAP: DISTRICT 0900 ,SECTION 25 , BLOCK 1 , LOT 8

| SURVEY | HENDERSON AND BODWELL, L.L.P. |
|---|---|
| FOR | CONSULTING ENGINEERS |
| 57 EAST SHORE ROAD | 35 FAIRCHILD AVENUE, PLAINVIEW, NY  11803 |
| MAP OF | TEL. No. (516) 349-0829 |
| NORTH SEA TOWN OF SOUTHAMPTON SUFFOLK COUNTY, NEW YORK | RUSSELL H. LEWIS, N.Y. L.S. #050265 |

PLOT PLAN
FOUNDATION LOCATION:
SURVEY: 10-09-2008 , CLEARING LIMITS 5-31-11     SCALE: 1" = 30'

P:\New York\HM827\dwg\esdsv00\00021-Boundary Surveys.dwg   6/3/2011  2:55:28 PM EDT

APPROVED
SEP 16
SOUTHAMPTON TOWN ENVIRONMENT DIVISION



PROPOSED PLOT PLAN

FIRST METRO PROPERTY GROUP, LLC

PROPERTY SITUATE AT
57 EAST SHORE ROAD
NORTH SEA, NEW YORK
COUNTY OF SUFFOLK, TOWN OF SOUTHAMPTON
DISTRICT 900, SECTION 28, BLOCK 1, LOT 6
PREPARED BY

F. Michael Hemmer, LS, P.C.
PROFESSIONAL SURVEYING SERVICES

From: Janette Magnuson magsixx@optonline.net
Subject: Survey History
Date: Aug 25, 2015 at 9:30:56 PM
To: Janette Magnuson magsixx@optonline.net

Sent from my iPad

Survey History...........................................

Survey #1
6/3/2011 (requested by previous owner. Henry Pape)
Henderson and Bodwell surveyors on the first attempt
57 East Shore Rd

Survey #2 (requested by First Metro)
5/24/2012
Hemmer surveyor
Note: 10 revisions (see attached)

Survey #3
1/14/15
Hemmer surveyor
Note: (added chimney and basement entrance)

Survey #4
8/24/2015
Hemmer surveyed property line contiguous between 55 and 57 and 59 East Shore
Rd
Note: based on the survey markers, location of house is positioned inaccurately
from 55 East Shore Rd. Property line

Note:
3/9/2002
Fox surveyed

55 East Shore Rd at time of purchase

The septic system must be a minimum of 5' from property line and the expansion pool 10' from property line but because it is measured on a diagonal I question if these numbers are viable.

Boundary coordinates were shifted to the west increasing the property 12" wider.

The survey at 57 East Shore Rd. Need to represent the accurate dimensions.

# TOWN OF SOUTHAMPTON

Department of Land Management
Town Conservation Board
116 HAMPTON ROAD
SOUTHAMPTON, NY 11968

Phone: (631) 287-5710
Fax: (631) 287-5706



ANNA THRONE-HOLST
TOWN SUPERVISOR

HARRY S. LUDLOW
CHAIRPERSON

## THIS IS NOT A PERMIT

---

**ADOPTED RESOLUTION**
Conservation Board Meeting
June 3, 2015
Harry S. Ludlow, Chairman

---

**ACTION:** Issuance of Wetlands Permit Modification No. CB1300098
**PROPERTY OWNER:** First Metro Property Group LLC
**PROJECT LOCATION:** 57 East Shore Road, North Sea
SCTM No. 900-28-1-6

---

**WHEREAS,** the Conservation Board issued Wetlands Permit No. CB130098 to First Metro Property Group, LLC on September 11, 2014; and

**WHEREAS,** Wetlands Permit No. CB1300098 was issued in order to grant approval to construct a 1 ½ story four bedroom dwelling with a first floor footprint of 1,453 square feet, located 115 feet from high water, based upon the mean high water line, as depicted on the survey by Henderson and Bodwell, LLP last revised May 31, 2011; to construct 44 square feet of stoop and steps, located 115 feet from same wetlands boundary; to construct 40 square feet of front entry porch and 25 square feet of steps, located approximately 153 feet from wetlands; to remove existing stone patio, located 128 feet from same wetlands; to construct a septic system, including (1) 1,000 gallon septic tank and (2) 8 foot diameter x 6 foot deep leaching pools, with room for 50% future expansion, in accordance with Suffolk County Department of Health Services (SCDHS) requirements, located approximately 167 feet from same high water line; to install a water supply line located approximately 255 feet from same wetlands; to install four (4) drywells, for catchment and on-site recharge of roof runoff, located, at their closest point, 124 feet from same high water line; to construct a pervious gravel driveway, located 158 feet from same high water line; to clear woodlands and natural vegetation 110 feet from same high water line; and to establish 4,537 square feet of wetland non-disturbance/non-fertilization buffer, with allowance for a four (4) foot wide pervious pedestrian path to the water, at an undeveloped property fronting the Little Peconic Bay and bay beach and containing town and state regulated tidal wetlands, in North Sea, Town of Southampton, Suffolk County, New York, in accordance with the survey prepared by F. Michael Hemmer, LS PC, dated May 24, 2012, last revised May 30, 2014; and

**WHEREAS,** the Southampton Town Conservation Board received Wetlands Permit Modification Application No. CB1300098 on February 4, 2015; and

**WHEREAS,** the applicant is seeking Conservation Board approval of revised surveys identifying the previously authorized dwelling as a "two story" rather than a "1 ½ story", pursuant to Town building and zoning code requirements, without increasing or reducing the previously authorized building footprint and/or floor area, located 115 feet from high water, based upon the mean high water line depicted on the survey by Henderson & Bodwell LLP, last revised May 31, 2011; to construct 30 square feet of deck and 24 square feet of steps rather than the previously authorized 44 square feet of "L" shaped steps, on the north side of the dwelling, at the same setback of 115 feet from wetlands; to construct 4 ft X 19.7 ft basement entry stairs with landing and drain/drywell, rather than the previously authorized basement entry, at the northeast corner of the dwelling, located 120 feet from wetlands; and to construct 10 square feet of chimney, on the west side of the proposed dwelling, located approximately 121 feet from wetlands, in accordance with the survey prepared by F. Michael Hemmer, LS, PC dated May 24, 2012, last revised January 14, 2015 and the floor plans prepared by Stephen Rossetti, AIA, last dated January 7, 2015.; and

First Metro Property Group, LLC
Permit No. CB1300098
Reso to Modify 2015
Page 2 of 4

**WHEREAS,** there have been no significant changes in the physical or natural conditions of the project site which warrant re-consideration of the original wetland permit; and

**WHEREAS,** there was significant public interest in the application, thereby warranting holding of a public hearing; and

**WHEREAS,** the Conservation Board approved a resolution on March 11, 2015 to schedule a public hearing on April 22, 2015; and

**WHEREAS,** a public hearing was held on April 22, 2015; and

**WHEREAS,** at such hearing, the Conservation Board rendered a decision to closed the public hearing leaving a written comment period open to the public until close of business on May 4, 2015, with allowance for the applicant to respond to such written comments in writing until the close of business on May 8, 2015; and

**WHEREAS,** on May 4, 2015, written comments were received from the public; and

**WHEREAS,** on May 8, 2015, written comments were received from the applicant's attorney in response to the public comments received on May 4, 2015; and

**NOW THEREFORE BE IT RESOLVED,** Wetlands Permit No. CB130009 is hereby modified to grant approval of revised surveys identifying the previously authorized dwelling as a "two story" rather than a "1 ½ story", pursuant to Town building and zoning code requirements, without increasing or reducing the previously authorized building footprint and/or floor area, located 115 feet from high water, based upon the mean high water line depicted on the survey by Henderson & Bodwell LLP, last revised May 31, 2011;  to construct 30 square feet of deck and 24 square feet of steps, on the north side of the dwelling, 15 feet from wetlands;  to construct a 4 ft X 19.7 ft basement entry stairs with landing and drain/drywell, at the northeast corner of the dwelling, located 120 feet from wetlands; and to construct 10 square feet of chimney, on the west side of the proposed dwelling, located approximately 121 feet from wetlands, in accordance with the survey prepared by F. Michael Hemmer, LS, PC dated May 24, 2012, last revised January 14, 2015 and the floor plans prepared by Stephen Rossetti, AIA, last dated January 7, 2015; and

**BE IT FURTHER RESOLVED,** that such approval is conditioned upon mitigative measures to protect wetlands including the following:

1. All activities authorized by this permit shall be in strict conformance with the survey prepared by F. Michael Hemmer, LS, PC dated May 24, 2012, last revised January 14, 2015.

2. All on-site wetlands shall be protected, as a "naturally vegetated wetland non-disturbance/non-fertilization buffer" shall be established and maintained, pursuant to the covenant recorded with the Suffolk County Clerk on August 11, 2014, Liber No. D00012784, Page 521

3. The required covenanted wetland preservation area and naturally vegetated wetland non-disturbance/non-fertilization buffer shall be shown on all future surveys submitted to the Town of Southampton.

4. Leaders and gutters, directing roof runoff into subsurface drywells, shall be installed, to minimize stormwater runoff. Drywell capacity shall be calculated based on the following: Total square feet of structure (ground floor only) and/or impervious surface X 0.166 = Total required cubic feet of drywell.

First Metro Property Group, LLC
Permit No. CB1300098
Reso to Modify 2015
Page 3 of 4

5. Any work or disturbance, and storage of construction materials shall be confined to the limit of clearing and/or ground disturbance shown on the approved plans.

6. Prior to the commencement of any construction activities, a continuous line of trenched in silt screen (maximum opening size of U.S. Sieve #20) shall be staked at the downslope edge of the proposed construction and land disturbance activities. The screen shall be maintained, repaired and replaced as often as necessary to ensure proper function, until all disturbed areas are permanently vegetated. Sediments trapped by the screen shall be removed away from the screen to an approved upland location before the screen is removed.

7. Prior to commencement of any construction activities, a continuous row of staked haybales shall be staked end to end at the base of the required silt screen or wire backed silt fencing shall be installed. The bales shall be maintained, repaired and replaced as often as is necessary to ensure proper function, until all disturbed areas are permanently vegetated. The average useful life of a bale is 3-4 months. Sediments trapped by the bales shall be removed away from the bales to an approved upland location before the bales themselves are removed. If the applicant elects to install wire backed silt fencing, the fence shall be a minimum of 14 gauge wire, with a six-inch (6") mesh spacing. The 36-inch posts must be driven a minimum of 16-inches into the ground and set no more than ten feet apart.

8. Haybales shall be recessed to two to four inches into the ground.

9. Silt fencing shall be recessed by trenching six inches into the ground.

10. Proposed driveways shall be constructed of permeable materials.

11. All areas of soil disturbance resulting from project shall be re-vegetated, and mulched immediately upon completion of the project, within two (2) days of final grading, or by the expiration date of the wetland permit, whichever is first. Mulch shall be maintained until a suitable vegetative cover is established. If re-vegetation is impractical due to time of year, temporary mulch shall be applied and final re-vegetation performed as soon as weather conditions favor germination and growth.

12. Suitable vegetative cover is defined as a minimum of 85% area vegetative cover with contiguous unvegetated areas no larger than 1 square foot in size.

13. All construction access ways shall be raised sufficiently at their site access locations with the existing roads, to prevent runoff of water, silts and sediments from being directed or discharged onto the road. A non-loam base material, such as crushed stone, gravel, or recycled concrete base, shall be placed across the driveway or construction access way at the access point along the road.

14. Prior to any construction or land disturbance, the applicant shall prominently display said Conservation Board Wetlands Permit on the premises facing each public street on which the property abuts. The permit sign shall not be set back more than ten (10) feet from the street line and shall be not less than two (2) or more than six (6) feet above the grade at the street line. The permit sign shall be displayed until all permitted work is complete and a Wetland

First Metro Property Group, LLC
Permit No. CB1300098
Reso to Modify 2015
Page 4 of 4

Certificate of Compliance has been issued by the Town Environment Division.  The applicant shall also keep a copy of the plans and specifications on site open to inspection by the Chief Environmental Analyst or his authorized representative at all reasonable times.

15.     A Certificate of Wetlands Compliance needs to be applied for and obtained upon completion of all permitted activities and prior to issuance of any Certificate of Occupancy or Certificate of Compliance by the Town Building Division.

16.     Two (2) copies of a final "As-Built" survey shall be submitted with the Certificate of Wetlands Compliance application.

BE IT FURTHER RESOLVED, that a wetlands permit modification be issued to First Metro Property Group, LLC for the proposed project upon the terms and conditions set forth therein.

BE IT FURTHER RESOLVED, that such permit shall be valid until June 11, 2017.

| Board Member | Approve | Disapprove | Abstain | Absent | Recuse |
|---|---|---|---|---|---|
| Harry Ludlow | X | | | | |
| George Heine | X | | | | |
| Tom Rickenbach | X | | | | |
| John Bouvier | X | | | | |
| Jeremiah Collins | X | | | | |
| Terrence Flanagan | X | | | | |
| Anne Hickey Algieri | X | | | | |

Dated:  June 3, 2015

Signed:  _____
Harry S. Ludlow, Chairman
Southampton Town Conservation Board

cc: Applicant

**THIS IS NOT A PERMIT**

**Jeanette Magnuson**
55 East Shore Road
Southampton, New York 11968
631 283-5499

August 10, 2015


Mr. Harry Ludlow, Chairman
Conservation Board
Town of Southampton
116 Hampton Road
Southampton, New York 11968

Dear Mr. Ludlow:

### RE:  Official Challenge/Grievance—Wetland Permit #CB1300098

I am making an official challenge/grievance of wetland permit #CB 1300098, First Metro Property Group, 57 East Shore Road, Southampton, New York, dated June 3, 2015.

The permit sites two surveys:  one from Henderson and Bodwell, LLP (last revised May 31, 2011) the other from F. Michael Hemmer, LB, P.D. (last revised May 30, 2014).  The two surveys do not have the same boundary coordinates.  F. Michael Hemmer's survey is **NOT** accurate.  Mr. Hemmer's survey was used to lay out the location, septic system and wastewater containment of the proposed structure.  This renders the Conservation Board's ruling and the Zoning Board of Appeals ruling null and void.

A survey of 55 East Shore Road, Southampton by Fox Land Surveying was conducted on June 20, 2014.  Stakes delineating the common boundary between 55 East Shore Road and 57 East Shore Road were placed at that time and remain to the present.   An official copy of the survey was hand delivered to Mr. Wayne Bruyn, attorney.  Copies of said survey were hand delivered to:  Mr. Harry Ludlow, Chairman, Conservation Board; Mr. Herbert Phillips, Chairman, Zoning Board of Appeals; Mr. Michael Benincasa, Chairman, Building Department; Mr. Walter Hilbert, Suffolk County Department of Health, Wastewater Management; and Mr. Michael Fox, Land Surveyor.

Due to the conflicting surveys and inaccurate boundary line indicated on Mr. Hemmer's survey, the structure, septic system and wastewater containment must be relocated to fit within the boundaries of the plot of land on which it will sit.  A new survey and a new application to the Conservation Board and the Zoning Board of Appeals must be submitted.

I look forward to a timely response to this matter.


Sincerely,


Jeanette Magnuson

Cc:  Mr. Phillips, Chairman, Zoning Board of Appeals, Mr. Michael Benincasa, Chairman, Building Department

**Jeanette Magnuson**
55 East Shore Road
Southampton, New York 11968
631 283-5499

August 7, 2015

**Hand Delivered by**
**Jeanette Magnuson**

Mr. Harry Ludlow, Chairman
Conservation Board
Town of Southampton
Hampton Road
Southampton, New York 11968

Dear Mr. Ludlow:

<u>RE: **Official Grievance—Wetland Permit #CB1300098**</u>

I am making an official grievance of wetland permit #CB 1300098, dated June 3, 2015.  The permit sites two surveys:  one from Henderson and Bodwell, LLP (last revised May 31, 2011) the other from F. Michael Hemmer, LB, P.D. (last revised May 30, 2014).  The two surveys do not have the same boundary coordinates.  F. Michael Hemmer's survey is **NOT** accurate.  Mr. Hemmer's survey was used to lay out the location of the proposed structure.  This renders the Conservation Board's ruling and the ZBA ruling null and void.  A new survey and a new application for the Conservation Board and the ZBA are in order.

Sincerely,


Jeanette Magnuson

Cc: Ms.  Anna Throne-Holtz, Supervisor, Mr. Phillips, Chairman, Zoning Board of Appeals

From:      "PETER MAGNUSON" <magsixx@optonline.net>
To:        KMurray@southamptontownny.gov
Date:      08/23/2015 09:51:59 PM
Subject:   **First Metro Property Group, 57 East Shore Road**

To:        Ms. Kathleen Murray, Attorney
           Town of Southampton
From:      Jeanette Magnuson
           631 283-5499
Date:      24 August 2015
Subject:   Injunction/stop work order of Construction site at 57 Shore Road, Southampton, New York
           11968

Request for an injunction/stop work order is mandated for First Metro Property Group, LLC,  to cease
and desist   any and all construction at 57 East Shore Road, Southampton, New York 11968, due to
the following:

1.  Wetland Permit # CB 1300098 and
 Zoning Board of Appeals Decision No.  D015015
were based on an inaccurate survey by   F. Michael Hemmer, LB, P.C. updated 14 January 2015
making the permits  NULL and VOID.

2.  Significant changes in the physical or natural conditions of the project site would warrant
 re-consideration of the original wetland permit.

3.  A new accurate survey and new building plans indicating placement and size of the structure, septic
system, and wastewater containment shall be provided which conform   with the building codes and
Conservation law of the Town of Southampton.

4.  My Official Challenge/Grievance letter dated 10 August 2015 to Mr. Harry Ludlow, Chairman,
Conservation Board, and Town of Southampton was IGNORED and is UNRESOLVED!

A new application to the Conservation Board is warranted. Therefore, an injunction /stop work order
MUST be put in place until a new application has been submitted and a new wetland permit is granted.

I will call you Monday, 24 August 2015, to discuss this further.  I appreciate your attention to this
matter.



This is a picture of my house from the water.  The entire retaining wall is in view.  Notice the blue boat behind the Adirondack chairs and the distance from the east boundary.  This picture was taken 7/2014.

iPad 11:51 AM 22%

Case 2:21-cv-03123-JS-AKT   Document 1   Filed 06/02/21   Page 23 of 27 PageID #: 23

‹ Camera Roll

North Sea
August 25, 2015  9:11 AM

Edit



This pictures shows the west boundary line(cement monument) is two feet west beyond the west retaining wall.  It is also one foot north of the retaining wall.





This picture shows the destruction of my property after three storms in March 2018. On the east side there is a little piece of white showing. The red arrow is pointing to it. That is my east return. If you enlarge the picture, you can see it better. Notice the distance of the blue boat from the east retaining wall return.



First Metro's contractor put this retaining wall in place prior to starting the revetment project on First Metro's property. The day of the project to begin, the contractor removed it and placed th boulders against my retaining wall which is inside my property by 2-3 feet.



This picture shows the new retaining wall. Notice the distance of the blue boat at the end of the retaining wall return. Also notice the kayak stand to the east of the retaining wall. The kayak stand should be inside of the retaining wall.

I hope these pictures act as a visual and show how my retaining wall is not located in the proper place as required by the New York State DEC and New York State Article 78 injunction. Please help me to correct this. I cannot get anyone to help.

Case 2:21-cv-03123-JS-AKT   Document 1   Filed 06/02/21   Page 27 of 27   PageID #: 27

